## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRAIG S. MUTRIE** | * | **CIVIL ACTION NO:** |
| **Plaintiff** | * | |
| **VERSUS** | * | |
| | * | |
| **PUBLIC BELT RAILROAD** | * | **SECTION:** |
| **COMMISSION OF THE CITY OF** | * | |
| **NEW ORLEANS D/B/A NEW ORLEANS** | * | |
| **PUBLIC BELT RAILROAD** | * | |
| **Defendant** | * | |
| | * | |
| | * | **MAGISTRATE:** |
| ************************************** | | |

## COMPLAINT FOR DAMAGES

**NOW COMES,** through undersigned counsel, Plaintiff, Craig S. Mutrie, a person of full age and majority residing and domiciled in the Parish of Jefferson, State of Louisiana, and respectfully avers the following:

1.     This Honorable Court has jurisdiction by virtue of 28 U.S.C. § 1337, 28 U.S.C. § 1331, and 45 U.S.C. § 51, *et seq*.

2.     Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish where the cause of action arose and/or accrued, and Defendant, Public Belt Railroad Commission of the City of New Orleans d/b/a New Orleans Public Belt Railroad [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parish of Orleans as a common carrier in interstate commerce.

3.     This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as the FELA to recover damages for personal injuries sustained by the Plaintiff on or about January 31, 2011

while employed in NOPB's Transportation Department and while engaged in interstate commerce.

4.     Defendant, NOPB, is a political subdivision of the City of New Orleans, with its principal business establishment in the Parish of Orleans, which does business as New Orleans Public Belt Railroad (NOPB) and as such engages in interstate commerce as a common carrier by railroad.

5.     Defendant, NOPB, is liable unto Plaintiff, Craig S. Mutrie, for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed on January 31, 2011, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.     On or about January 31, 2011, NOPB, through its managers and officials, required its employee, Craig S. Mutrie, to perform switching duties at its Nashville Avenue location and otherwise carry out his work duties with a NOPB switching crew. In the course of doing so, and while using the reasonable care required of him under the circumstances, Plaintiff stepped over the rail and onto an unsafe/defective metal cross-tie and slipped and twisted his left knee due to an accumulation of diesel, oil, water and/or other substances which rendered the cross-tie slippery and hazardous to work on. As he placed his foot on the defective and unsafe cross-tie, Plaintiff twisted and felt a pop in his left knee.

7.     At that time, as a direct result of the negligence, carelessness, and/or recklessness of NOPB in failing to inspect and maintain the walkways and metal cross-ties in keeping same free of unsafe and hazardous substances especially in areas where employees are required to work, walk, step and perform their railroad switching duties; by allowing locomotive equipment to leak oil and diesel on the metal cross-ties in that location; and in failing to inspect, clean, block off and/or even warn that diesel, oil, water and other slippery substances on the tops of its metal cross-ties created an unreasonably

unsafe work place; Plaintiff sustained severe injuries to his left knee, for which he demands recovery.

8.      Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA) on January 31, 2011, Craig S. Mutrie sustained severe injuries to his left knee, *inter alia*.

9.      Plaintiff further avers that Defendant, NOPB negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned injuries, in whole or in part.

10.    Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

> A. Physical Pain and Suffering, Past and Future;
>
> B. Loss of Enjoyment of Life and Permanent Impairment;
>
> C. Past Lost Wages;
>
> D. Future lost wages; lost earning capacity and benefits; and
>
> E. Unpaid Past Medical Expenses;

11.    Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

12.    Plaintiff is entitled to and demands a trial by jury and seeks compensatory damages in the amount of Two Million Dollars ($2,000,000).

WHEREFORE, Plaintiff, Craig S. Mutrie, prays that Defendant, Public Belt Railroad Commission of the City of New Orleans d/b/a New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and

answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Craig S. Mutrie, and against Defendant, Public Belt Railroad Commission of the City of New Orleans d/b/a New Orleans Public Belt Railroad, for all sums reasonable in the premises in the amount of $2,000,000, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**ROME, ARATA, BAXLEY & STELLY, LLC**

BY*: /s/ Blake G. Arata, Jr.*_____
    **BLAKE G ARATA, JR.  #01697**
    **C. PERRIN ROME, III #17774**
    **W. CHAD STELLY, III  #21140**
    **650 Poydras St, Suite 2017**
    **New Orleans, La 70130**
    **Telephone (504) 522-9980**
    barata@romearata.com
    **Attorneys for Craig S. Mutrie**